## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                              : Chapter 13
**Rigney, Jr., Oliver T.**

    **Debtors/ Respondents**        : 16-14371 jkf

### Answer to Motion of
### For Relief from Automatic Stay

    Debtor, Oliver T. Rigney, Jr. by and through his undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by Bank of America, N.A., its assignees and/or successors in interest. These responses are made without prejudice to debtor's right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtor specifically reserves the right to supplement or amend his responses or present additional facts and contentions at a later date to any of the answers given.

    1.    Denied.  The allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.

    2.    Admitted in Part.  It is admitted that Debtor Oliver T. Rigney, Jr is owner of premises 30 Springton Road, Upper Darby, Pennsylvania 19082.  The remaining averments contained in this Paragraph are denied as they consist of mischaracterization or summarization of documents that speak for themselves and they are denied as no response is required.

    3.    Denied.  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves and they are denied as no response is required.

    4.    Denied.  A mortgage servicing company with no beneficial interest in the underlying mortgage does not have standing to file a motion for relief from the stay.  See *In re* Morgan, 225 B.R. 290(Bankr.E.D.N.Y.1998), *vacated on other grounds sub nom. In re* Nunez, 2000 WL 655983 (E.D.N.Y. Mar. 17, 2000).

    5.    Denied.  The allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.

    6.    Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case.  See 11 U.S.C. Section 362.  By way of further answer, the allegation contained herein are directed to a party other than the answering debtor(s), and they are denied as no response is required.  Proof thereof is demanded.

    7. -8.  Denied.  Proof thereof is demanded.

9. Denied. Any request for costs and legal fees in excess of $400, is excessive. The pleading in this motion for relief is identical and/or similar, with other motions for relief filed which request only $400 for legal fees and costs. There is no stated or apparent reason or justification for any higher request. See In Re: B & K Brady Bk No. 03-18198 DWS (Request $400) or In Re: E.Frisby Bk. No. 03-31127 DWS (Request $400). See Exhibit 1 and 2.

10. Denied. Proof thereof is demanded.

11. Denied. The allegation is a legal conclusion of law to which no answer is required.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtor prays that the motion be denied, and such other relief as is just and proper. The Debtor specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated: June 6, 2017

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtor
P.O. Box 123
Narberth, PA 19072
(215) 893-9357